# EXHIBIT A

# EXHIBIT A


Powered by Google Translate

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2022-013826 | Judge: | Blaney, Scott |
| File Date: | 10/18/2022 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| James Miser | Plaintiff | Male | Scott Zwillinger |
| Shirley Miser | Plaintiff | Female | Scott Zwillinger |
| Centurion Of Arizona L L C | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 10/21/2022 | AFS - Affidavit Of Service | 10/26/2022 | |
| **NOTE:** CENTURION OF ARIZONA | | | |
| 10/18/2022 | COM - Complaint | 10/19/2022 | |
| **NOTE:** Complaint | | | |
| 10/18/2022 | CSH - Coversheet | 10/19/2022 | |
| **NOTE:** Civil Cover Sheet | | | |
| 10/18/2022 | CCN - Cert Arbitration - Not Subject | 10/19/2022 | |
| **NOTE:** Certificate Of Compulsory Arbitration - Is Not Subject To | | | |
| 10/18/2022 | SUM - Summons | 10/19/2022 | |
| **NOTE:** Summons | | | |
| 10/18/2022 | SUM - Summons | 10/19/2022 | |
| **NOTE:** Summons | | | |
| 10/18/2022 | SUM - Summons | 10/19/2022 | |
| **NOTE:** Summons | | | |
| 10/18/2022 | SUM - Summons | 10/19/2022 | |
| **NOTE:** Summons | | | |
| 10/18/2022 | SUM - Summons | 10/19/2022 | |
| **NOTE:** Summons | | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

# Liddy Legal Support Services

PO Box 2007, Phoenix, AZ 85001
63 E. Pennington St., #102, Tucson, AZ 85702
2700 Woodlands Village Blvd., #300-420, Flagstaff, AZ 86001
Phoenix 602-297-0676, Tucson 520-628-2824, Flagstaff 928-225-7737

CLERK OF THE
SUPERIOR COURT
FILED
T. BLAND, DEP

2022 OCT 21  PM 12: 05

Client Matter  Miser 00193
Account      # 1074
Invoice      # 50971
Liddy        # 415552-1

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

JAMES MISER, et al.,

                Plaintiff(s) / Petitioner(s),

**CERTIFICATE OF SERVICE**
**BY PRIVATE PROCESS SERVER**
Case No. CV2022-013826

vs

CENTURION OF ARIZONA LLC, et al.,

             Defendant(s) / Respondent(s).

**ENTITY/PERSON TO BE SERVED:** Centurion of Arizona, LLC c/o CT Corporation System, Statutory Agent

**PLACE OF SERVICE:**          3800 N Central Ave., #460, Phoenix, AZ 85012

**DATE OF SERVICE:** On the _19th_ day of _October_ , _2022_ at _2:27_ PM   County _Maricopa_

☐ PERSONAL SERVICE ☒ Left a copy with a person authorized to accept service.  ☐ At this usual place of abode, I left a copy with a person of suitable age and discretion residing therein.

Name of Person Served and Relationship/Title   Served on CT Corporation System, Statutory Agent, by serving Stefan

Andrews, Intake Specialist.

on _10/19/2022_ we received the following documents for service:

Summons | Complaint | and Certificate of Arbitration

Received from ZWILLINGER WULKAN, ( SCOTT H. ZWILLINGER #019645 )

PROCESS SERVER: Floyd R. Brown, #8388

The undersigned states: That I am a certified private process server in the county of Maricopa and am an Officer of the Court.

SIGNATURE OF PROCESS SERVER: _Floyd R Brown_          Date: _10/20/2022_

| Item | Amount |
|---|---|
| Service of Process | $20.00 |
| Minimum Mileage | $36.00 |
| Copies | $5.00 |
| Doc. Prep Fee | $10.00 |

Tax ID# 90-0533870
I declare under penalty of perjury that the foregoing is true
and correct and was executed on this date.

Total   $71.00

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
10/18/2022 2:42:57 PM
Filing ID 15005417

Scott H. Zwillinger (019645)
Mark A. Ryan (034023)
**ZWILLINGER WULKAN PLC**
2020 North Central Avenue, Suite 675
Phoenix, Arizona 85004
Tel: (602) 609-3800
Fax: (602) 962-0207
Email: scott.zwillinger@zwfirm.com
        mark.ryan@zwfirm.com

Attorneys for Plaintiffs

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **James Miser and Shirley Miser, husband and wife,** | No.    CV2022-013826 |
| Plaintiffs, | **COMPLAINT** |
| v. | **(JURY TRIAL DEMANDED)** |
| **Centurion of Arizona, LLC, an Arizona limited liability company, Doe Delany and unknown spouse Delany, a married couple, Doe Centurion Employees 1-10 and unknown spouses, married couples, Doe Corrections Officers 1-10 and unknown spouses, married couples,** | |
| Defendants. | |

Plaintiffs, for the Complaint against Defendants, allege as follows:

### <u>JURISDICTION AND VENUE</u>

1.      Plaintiffs bring this action, pursuant to 42 U.S.C. § 1983, for violations of the of the United States Constitution, including the Fourteenth Amendment, and the state common law.

2.      Jurisdiction and venue are proper in this Court pursuant to A.R.S. §§ 12-123 and 12-401, as the majority of the parties are residents of Maricopa County, Arizona and the events underlying this lawsuit occurred in Pinal County.

## PARTIES

3.     Plaintiffs incorporate the allegations in the paragraphs above as if set forth fully herein.

4.     At all times material to this Complaint, James Miser (hereinafter, "Chaplain Miser") and Shirley Miser are married adult individuals residing in Maricopa County, Arizona.

5.     At all times material to this Complaint, Chaplain Miser was employed by the Arizona Department of Corrections ("ADC") as a Chaplain at the Arizona State Prison Complex Florence ("ASPCF") where he worked as the Senior Chaplain.

6.     At all times material to this Complaint, Defendant Centurion of Arizona, LLC ("Centurion") is a limited liability company organized and existing under the laws of the state of Arizona.

7.     At all times material to this Complaint, Defendant Centurion maintained a contract with ADC to perform healthcare services for ADC inmates, including those at ASPCF.

8.     Upon information and belief, at all times material to this Complaint, Defendant Doe Delany and unknown spouse Delany are married adult individuals residing in Maricopa County, Arizona. At all times material to this Complaint, Defendant Doe Delany acted for, on behalf of, and in furtherance of their marital community. Plaintiffs will substitute the true name and identity of Defendant Doe Delany and unknown spouse Delany once ascertained.

9.     At all times material to this Complaint, Defendant Doe Delany was a mental health care provider who was employed by Defendant Centurion.

10.    At all times material to this Complaint, Defendant Doe Delany acted in the course and scope of her employment relationship with Defendant Centurion.

11.    At all times material to this Complaint, Defendant Doe Delany was agent of Defendant Centurion.

2

1    12.    At all times material to this Complaint, Defendant Doe Delany acted in the

2  course and scope of her agency relationship with Defendant Centurion.

3    13.    Upon information and belief, at all times material to this Complaint, all Doe

4  Defendants resided in Maricopa County, Arizona.  Doe Defendants are named herein in

5  both their individual and official capacities.  The true name and identity of these

6  Defendants, and any spouses as applicable for purposes of binding the marital

7  community, will be amended once ascertained.

8    14.    At all times material to this Complaint, all Doe Defendants acted under the

9  color of law with the Arizona Department of Corrections.

10  **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**
**OF THIS COMPLAINT**

11

12    15.    Plaintiffs incorporate the allegations in the paragraphs above as if set forth

13  fully herein.

14    16.    On March 3, 2022, as Chaplain Miser walked across the ASPCF-Central

15  Unit Yard, heading to a religious service, Inmate Jonathan Read ("Inmate Read")

16  attempted to kill Chaplain Miser.

17    17.    During the attempted homicide, Chaplain Miser fell to the ground and

18  fought for his life while Inmate Read stabbed him at least six times—in the head, neck,

19  and shoulders—with a knife he made from his prison bed.

20    18.    The ADC Office of the Inspector General investigated the attempted

21  homicide and issued an Investigative Report (hereinafter, the "Report").

22    19.    On the day of the attempted homicide, Inmate Read was interviewed by

23  criminal investigators who recorded the interview with Inmate Read.

24    20.    During his interview, Inmate Read chuckled and stated that he had planned

25  to stab Chaplain Miser and knew what he was doing when he left his cell that day.

26    21.    During his interview, Inmate Read stated that he had made his mind up to

27  stab the chaplain at least two to three weeks earlier.

28

3

22.    During his interview, Inmate Read stated that he made a shank from his metal frame bed and had it for about two to three weeks.

23.    All named Defendants knew or should have known that Inmate Read posed a clear and present danger to other inmates and ASPCF staff, like Chaplain Miser, long before the attempt on Chaplain Miser's life.

24.    Prior to the attempt on Chaplain Miser's life, Inmate Read committed multiple aggravated assaults—both in and out of prison—at least one such prison attack was similarly committed with a prison-made knife.

25.    Inmate Read's violent propensities were, in part, caused by his uncontrolled and untreated mental health issues.

26.    Indeed, prior to the attempt on Chaplain Miser's life, and before his incarceration at the ASPCF, Inmate Read was diagnosed with schizophrenia by, among others, the healthcare providers with the Federal Bureau of Prisons.

27.    According to the National Institute of Mental Health, "Schizophrenia is a serious mental illness" that, left untreated, presents a risk of violence to others that is "greatest when left untreated."[1]

28.    A person diagnosed with schizophrenia has a serious mental illness ("SMI").

29.    All named Defendants knew or should have known of Inmate Read's SMI diagnosis.

30.    According to the ADC Mental Health Technical Manual (hereinafter, the "Manual"), "ADC mental health services shall be provided by a Contractor to include the provision of mental health services for patients housed in any of the Arizona State Prison Complexes or private prison complexes."[2]

---

[1]https://www.nimh.nih.gov/sites/default/files/documents/health/publications/schizophrenia/21-mh-8082_schizophrenia.pdf
[2] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 4.

4

31.     At all times material to this Complaint, Defendant Centurion was the contractor for ADC in the provision of mental health services to inmates.

32.     Defendant Centurion was responsible for ensuring "that mental health services and status decisions such as SMI status, mental health scores, and treatment planning are done in accordance with current policy."[3]

33.     Defendant Centurion was required to complete an initial mental health assessment (hereinafter, the "Assessment") on all inmates, such as Inmate Read, to be used "in decisions regarding classification, placement, and need level for further mental health services and/or programming."[4]

34.     Defendant Centurion was required to perform the Assessment on prisoners, like Inmate Read, within two days of their arrival to an ADC prison and Defendant Centurion was required to see that inmate within 14 days of arrival to an ADC prison.[5]

35.     Defendant Centurion was required to perform "[a]n initial medical record review...within twelve (12) hours of patients arrival" to an ADC prison.[6]

36.     In addition to the aforementioned requirements, Defendant Centurion and its employees and agents were required to obtain a complete copy of Inmate Read's medical records.

37.     Upon receipt, Defendant Centurion and its agents and employees were required to know Inmate Read's prior mental health diagnoses in order to ensure that Inmate Read received an appropriate mental health score.

38.     There are five different Mental Health Scores that Defendant Centurion uses to classify inmates.[7]

39.     Mental Health 1 ("MH-1") is a score reserved for "Inmates who have no

---

[3] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 6.
[4] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 22.
[5] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 22.
[6] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 24.
[7] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 27.

1  history of mental health issues or receiving mental health treatment."[8]

2     40.    Mental Health 2 ("MH-2") is a score reserved for "Inmates who have

3  received mental health treatment in the past but do not currently have any mental health

4  needs, and have demonstrated behavioral and psychological stability for at least six (6)

5  months."[9]

6     41.    Mental Health 3 ("MH-3") is a score reserved for inmates "who have

7  current mental health needs requiring outpatient treatment" and inmates receiving a score

8  of MH-3 are assigned to one of five subcodes: A through E.[10]

9     42.    MH-3A is reserved for inmates "in acute distress who may require

10  substantial   intervention   in   order   to   remain   stable   (i.e.,   floridly   psychotic,

11  delusional…)."[11]

12     43.    MH-3 subcodes B through E are reserved as follows for inmates who (B)

13  are "generally stable and participate in psychiatric and psychological services," (C) "need

14  infrequent intervention and have adequate coping skills to manage their mental illness

15  effectively and independently with psychotropic medications only"; (D) "have been

16  recently taken off of psychotropic medications," and (E) "recently arrived to ADC, and

17  who are generally stable but may benefit from regular contacts with a mental health

18  clinician."[12]

19     44.    Mental Health 4 ("MH-4") is a score reserved for inmates "admitted to a

20  residential mental health program."[13]

21     45.    Mental Health 5 ("MH-5") is a score reserved for inmates "who are

22  admitted to the inpatient treatment programs licensed by the Department of Health

23  Services."[14]

24  ---
[8] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 27.
25  [9] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 27.
   [10] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 27-30.
26  [11] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 28.
   [12] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 28-30.
27  [13] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 30.
   [14] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 31.
28

46.    Throughout his incarceration at ASPCF, Inmate Read was labeled as a MH-1, the lowest mental health score available.

47.    This labeling was inaccurate, inappropriate, and created a danger that otherwise would not have existed.

48.    Among other things, by labeling Inmate Read as a MH-1, all named Defendants were affirmatively, yet incorrectly, stating to correction staff and other ADOC employees, including Chaplain Miser, that Inmate Read had no history of mental health issues and that he was not receiving mental health treatment.

49.    By labeling Inmate Read—a diagnosed schizophrenic with a history of violence—as a MH-1, all named Defendants committed an egregious error without justification or excuse that created an unnecessary risk of danger to Chaplain Miser, all other ADC employees, and other inmates.

50.    Because of Inmate Read's diagnosis of schizophrenia and SMI, all named Defendants were required to label Inmate Read as a MH-3 or higher but failed to do so.[15]

51.    Indeed, if Inmate Read had been appropriately classified as a MH-3 or higher by all named Defendants upon his incarceration at ASPCF—or at any time prior to the attempt on Chaplain Miser's life—and been provided appropriate and timely medical care, treatment, and medication for his SMI, Chaplain Miser would not have been the victim of an attempted homicide.

52.    Notwithstanding the egregious initial error of mislabeling Inmate Read as a MH-1, all named Defendants had multiple opportunities to correct that error and provide the appropriate and timely medical care, treatment, and medication(s) to Inmate Read prior to the attempt on Chaplain Miser's life.

53.    On November 11, 2021, Correctional Officer III Felicia Gaona ("Gaona") reviewed an email from Inmate Read in which he wrote that he should have "stuck a

---

[15] ADC Mental Health Technical Manual – Revised 12/24/2019 at p. 36.

1  knife" in someone's neck over an issue with his commissary.[16]

2    54.   On November 18, 2021, Gaona reviewed another email from Inmate Read
3  in which he wrote that he was suffering from demonic possession and that no chaplain
4  has commanded the demon out of his body.[17]

5    55.   Gaona advised Psych Delany ("Delany") by telephone of Inmate Read's
6  email.

7    56.   On December 4, 2021, Inmate Read emailed Gaona stating that he was
8  being demonized and discussed a CIA agent who kills Satanists.[18]

9    57.   Gaona replied on December 8, 2021 stating, "I AM CALLING PSYCH TO
10 COME SEE YOU. AND SENDING TO CHAPLAIN."[19]

11   58.   Gaona sent Inmate Read's email to Delany.[20]

12   59.   Delany responded to Gaona stating "[Inmate] Read was a 'Mental Health'
13 and had done this before" and that "she would go see [Inmate Read]."[21]

14   60.   After all of these events, not once did any of the named Defendants change
15 Inmate Read's mental health score from a MH-1 to a MH-3 or higher.

16   61.   After all of these events, not once did any of the named Defendants provide
17 Inmate Read with the mental health care, treatment, and medication he desperately needed
18 to control his SMI.

19   62.   Indeed, Defendant Centurion itself acknowledged it failed to timely treat
20 Inmate Read for his schizophrenia when—mere hours after the attempt on Chaplain
21 Miser's life—Defendant Centurion employee Ashley Bardwell wrote that Defendant
22 Centurion and its employees and agents did not see a Health Needs Request ("HNR")
23 from Inmate Read that he sent on September 12, 2021 and that these "are the types of

24 _____

25 [16] ADC Office of the Inspector General Investigative Report at 8.
   [17] ADC Office of the Inspector General Investigative Report at 8.
26 [18] ADC Office of the Inspector General Investigative Report at 7.
   [19] ADC Office of the Inspector General Investigative Report at 7 (emphasis in original).
27 [20] ADC Office of the Inspector General Investigative Report at 8.
   [21] ADC Office of the Inspector General Investigative Report at 8.

28

misses that can have devastating consequences."

63.    The HNR dated September 12, 2021 sent by Inmate Read stated "psychology, I want to let you know that I'm hearing witches and warlocks above my head everyday talking to each other!some of them say hateful things to me everyday,about my sex gland,everyday and all thru out the night too!when u have a chance I'll tell you more!the satanist say that there able to look thru my memories!"

64.    Ms. Bardwell's email was part of a chain that shows an email from Defendant Centurion employee Stephanie Opligner, RN, BSN, dated February 17, 2022, which states that Defendant Centurion is required to see Inmates who place a HNR for mental health.

65.    After the attempt on Chaplain Miser's life, Inmate Read was then labeled as a MH-3B, which is the minimum mental health score he should have received upon incarceration at ASPCF.[22]

66.    The significant delay in labeling Inmate Read appropriate as a MH-3B was a systemic failure from the top down.

67.    Indeed, Defendant Centurion was found to be deliberately indifferent to the substantial risk of serious harm posed by the lack of adequate medical and mental health care affecting all prisoners.

68.    On June 30, 2022, Senior United States District Judge Roslyn O. Silver held that Defendant Centurion:

      a. was aware—for years—of its failures to provide adequate medical and mental health care affecting prisoners like Inmate Read.

      b. refused to take necessary actions to remedy those failures.

      c. chronically understaffed ASPCF by nearly 60 full time employees.

      d. provided patently insufficient, and more often than not incompetent, health care staffing to adequate meet prisoners', like Inmate Reed's,

---

[22] ADC Office of the Inspector General Investigative Report at 9.

needs.

e.  employed medical care staff who—by a large majority–lacked the necessary training or licensure to provide the type of care that is necessary to provide constitutionally adequate care.

f.  failed to hire sufficient competent staff which in turn left prisoners with serious mental health needs, like Inmate Read, were ignored.

g.  structured the system to have the vast majority of care provided by lower-level individuals like behavioral health technicians, nurses, or psychological associates, not psychologists or psychiatrists.

h.  only provided seven psychiatrists for the entire ADC prison population, only two of which work on-site and the remaining work via Tele-Health.

i.  only provided one psychologist for the entire for the entire ASPCF prison population.

j.  only provided two psychology associates for the entire ASPCF prison population.

k.  created, and sustained, a systemic failure in the provision of mental health care in the ADC prison population by failing to provide sufficient mental health providers with appropriate training to provide varying levels of support for prisoners' mental health conditions.

l.  delivered inadequate and inefficient mental health care and treatment leaving prisoners to remain potentially, and unnecessarily, profoundly symptomatic for extended periods of time despite the availability of treatment options mostly due to inadequate mental health staffing.

m. knew well that it failed to deliver prisoners' medication when

10

1    needed, yet continually failed to address the problem.

2            n.  knew that the lack of staffing meant prisoners did not receive

3                medication when they need it to achieve or maintain mental health.

4        69.    Thus, Defendant Centurion, by and through its employees and agents, failed

5    to provide appropriate and timely medical care, treatment, and medication to Inmate Read

6    for his SMI.

7        70.    All named Defendants failed to keep Chaplain Miser, other ASPCF staff,

8    and other inmates safe.

9    **COUNT ONE**

10   **(Violation of Chaplain Miser's Rights Under the Fourteenth Amendment and 42**
     **U.S.C. § 1983 – All Named Defendants)**

11

12       71.    Plaintiffs incorporate the allegations in the paragraphs above as if set forth

13   fully herein.

14       72.    At all times material to this Complaint, Defendants were acting under color

15   of law.

16       73.    The United States Constitution guarantees Plaintiffs the right to maintain

17   the integrity of their own bodies.

18       74.    The Fourteenth Amendment of the United States Constitution precludes

19   those acting under color of law from depriving Plaintiffs of the rights guaranteed to them

20   by the United States Constitution, including the right to maintain the integrity of their

21   bodies without due process of law.

22       75.    As set forth above, all named Defendants, individually and collectively,

23   created obvious and well-known dangerous conditions that, but for the acts and omissions

24   of all named Defendants, would not have existed and to which Chaplain Miser would not

25   have been subjected.

26       76.    The danger of said conditions was obvious and known by all named

27   Defendants.

28

11

77.     Defendants had a duty and obligation to render mental health treatment and care to Inmate Read to keep other inmates and staff safe and secure, and Chaplain Miser relied on all named Defendants to protect him.

78.     Yet by their intentional acts and omissions, all named Defendants failed to ameliorate the danger to which Chaplain Miser was exposed or to otherwise protect him and keep him safe.

79.     Instead, all named Defendants knowingly and intentionally chose to expose Chaplain Miser and others to increased risk of harm.

80.     In knowingly and intentionally creating dangerous conditions to which Chaplain Miser was exposed, and in failing to take any steps to ameliorate the danger or otherwise protect Chaplain Miser, all named Defendants acted with deliberate indifference to Chaplain Miser's right to maintain the integrity of his body and other rights guaranteed to him by the United States Constitution, including the Fourteenth Amendment.

81.     As a direct and proximate result of all named Defendants' deliberate indifference, and resulting harm, Chaplain Miser sustained traumatic physical and emotional injuries and Plaintiff Shirley Miser sustained emotional injuries and a loss of consortium.

82.     Consequently, all named Defendants violated the due process rights guaranteed to Plaintiffs by the Fourteenth Amendment of the United States Constitution.

83.     The acts and omissions of all named Defendants were of such a nature as to entitle Plaintiffs to an award of exemplary and punitive damages to punish the wrongful conduct alleged herein and to deter such conduct in the future.

84.     Further, pursuant to 42. U.S.C. § 1983, Plaintiffs are entitled to an award of their incurred attorney fees and costs.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### COUNT TWO
**(Medical Malpractice – Defendants Centurion and Doe Delany)**

85.     Plaintiffs incorporate the allegations in the paragraphs above as if set forth fully herein.

86.     As mental health providers to Inmate Read, Defendants Centurion and Doe Delany were required to exercise that degree of care, skill, and learning expected of a reasonable, prudent health care provider in the profession or class to which it belonged within this state in the same or similar circumstances.

87.     Defendants Centurion and Doe Delany failed to exercise that degree of care, skill, and learning expected of a reasonable, prudent health care provider in the profession or class to which they belonged within this state acting in the same or similar circumstances by failing to provide Inmate Read with reasonably appropriate and timely mental health care, treatment, and medication given his diagnosis as SMI.

88.     Defendants Centurion and Doe Delany failed to exercise that degree of care, skill, and learning expected of a reasonable, prudent health care provider in the profession or class to which it belonged within this state acting in the same or similar circumstances by failing to appropriately classify Inmate Read as a MH-3 or higher.

89.     Defendants Centurion and Doe Delany failed to exercise that degree of care, skill, and learning expected of a reasonable, prudent health care provider in the profession or class to which it belonged within this state acting in the same or similar circumstances by failing to promptly and reasonably respond to the HNRs sent to it by Inmate Read— in which it is self-evident that Inmate Read was suffering from a serious mental health issue—prior to the attempt on Chaplain Miser's life.

90.     The standard of care violations by Defendant Centurion, by and through its employees and agents, were a proximate cause of Plaintiffs' injuries and damages described herein in an amount to be proven at trial.

91.     As a direct and proximate result of the above alleged failures to comply

13

with the applicable standard of care, Chaplain Miser suffered serious, permanent, and disabling injuries and neurological deficits in an amount to be proven at trial.

92.     As a direct and proximate result of the above alleged failures to comply with the applicable standard of care, Chaplain Miser experienced, and will experience in the future, pain, discomfort, suffering, disability, disfigurement, impairment, anxiety, emotional distress, loss of enjoyment of life, and loss of pleasures of his martial relationship in an amount to be proven at trial.

93.     As a direct and proximate result of the above alleged failures to comply with the applicable standard of care, Chaplain Miser has undergone, and in the future undergo, medical and hospital care and treatment in an amount to be proven at trial.

94.     As a direct and proximate result of the above alleged failures to comply with the applicable standard of care, Chaplain Miser and Plaintiff Shirley Miser have incurred, and will incur in the future, reasonable expenses of necessary medical and other care, treatment, and services in an amount to be proven at trial.

95.     As a direct and proximate result of the above alleged failures to comply with the applicable standard of care, Chaplain Miser and Plaintiff Shirley Miser have lost Chaplain Miser's earnings to date and have suffered, and will suffer in the future, a decrease in his earning power or capacity in the future in an amount to be proven at trial.

96.     As a direct and proximate result of the above alleged failures to comply with the applicable standard of care, Chaplain Miser and Plaintiff Shirley Miser have lost and, will lose in the future, pleasures of their marital relationship in an amount to be proven at trial.

97.     As a direct and proximate result of the above alleged failures to comply with the applicable standard of care, Chaplain Miser and Plaintiff Shirley Miser have suffered general and special damages in an amount to be proven at trial.

**TIER**

98.     This is a Tier 3 case within the meaning of Rule 26.2, Ariz.R.Civ.P.

14

**JURY TRIAL**

99.     Plaintiffs hereby request and demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for damages for judgment against Defendants as follows:

A. General damages in an amount to be proven at trial, as to the causes of action, claims, and theories of relief alleged herein;

B. Special damages in an amount to be proven at trial, as to the causes of action, claims, and theories of relief alleged herein;

C. Punitive damages against the individually named Defendants in an amount deemed just and reasonable as to the causes of action, claims, and theories of relief alleged herein;

D. Costs and attorney fees against all Defendants, pursuant to 42 U.S.C. § 1988; and

E. Such other and further relief as is just and proper.

DATED this 18th day of October, 2021.

ZWILLINGER WULKAN PLC


By:   /s/ *Scott H. Zwillinger*
      Scott H. Zwillinger
      Mark A. Ryan
      2020 North Central Avenue, Suite 675
      Phoenix, Arizona 85004
      Attorneys for Plaintiffs

15

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
10/18/2022 2:42:57 PM
Filing ID 15005418

**Plaintiff's Attorneys:**

Mark A Ryan
Bar Number: 034023, issuing State: AZ
Law Firm: Zwillinger Wulkan PLC
2020 N. Central Ave. Suite 675
Phoenix, AZ 85004
Telephone Number: (602)609-3800
Email address: mark.ryan@zwfirm.com

Scott H. Zwillinger - Primary Attorney
Bar Number: 019645, issuing State: AZ
Law Firm: Zwillinger Wulkan PLC
Telephone Number: (602)609-3800

CV2022-013826

**Plaintiffs:**

James Miser

Shirley Miser

**Defendants:**

Centurion of Arizona, LLC
CT Corporation System 3800 N. Central Ave., Ste. 460
Phoenix, AZ 85012

Doe Delany

Unknown Spouse Delany

Doe Centurion Employees 1-10

Doe Corrections Officers 1-10

Discovery Tier t3

Case Category: Other Civil Case Categories
Case Subcategory: Civil Rights

AZTurboCourt.gov Form Set #734183

Civil Cover Sheet
Page 1 of 1

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
10/18/2022 2:42:57 PM
Filing ID 15005419

Person/Attorney Filing: Mark A Ryan
Mailing Address: 2020 N. Central Ave. Suite 675
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)609-3800
E-Mail Address: mark.ryan@zwfirm.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034023, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

James Miser, et al.
Plaintiff(s),
v.
Centurion of Arizona, LLC, et al.
Defendant(s).

Case No.  **CV2022-013826**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.


RESPECTFULLY SUBMITTED this


By: Mark A Ryan /s/
    Plaintiff/Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
10/18/2022 2:42:57 PM
Filing ID 15005420

Person/Attorney Filing: Mark A Ryan
Mailing Address: 2020 N. Central Ave. Suite 675
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)609-3800
E-Mail Address: mark.ryan@zwfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034023, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

James Miser, et al.
Plaintiff(s),
v.
Centurion of Arizona, LLC, et al.
Defendant(s).

Case No. **CV2022-013826**

**SUMMONS**

To: Centurion of Arizona, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u> Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 18, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *MICHAEL FARROW*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7314183

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
10/18/2022 2:42:57 PM
Filing ID 15005421

Person/Attorney Filing: Mark A Ryan
Mailing Address: 2020 N. Central Ave. Suite 675
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)609-3800
E-Mail Address: mark.ryan@zwfirm.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034023, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

James Miser, et al.
Plaintiff(s),
v.
Centurion of Arizona, LLC, et al.
Defendant(s).

Case No.  CV2022-013826

**SUMMONS**

To: Doe Delany

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
Answer in writing with the Court, and you must pay the required filing fee. To file your
Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents
in this case.

3. If this Summons and the other court papers were served on you within the State of
Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
date of service, not counting the day of service. If this Summons and the other court papers
were served on you outside the State of Arizona, your Answer must be filed within
THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of MARICOPA

SIGNED AND SEALED this Date: *October 18, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *MICHAEL FARROW*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7314183

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
10/18/2022 2:42:57 PM
Filing ID 15005422

Person/Attorney Filing: Mark A Ryan
Mailing Address: 2020 N. Central Ave. Suite 675
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)609-3800
E-Mail Address: mark.ryan@zwfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034023, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| James Miser, et al.<br>Plaintiff(s),<br>v.<br>Centurion of Arizona, LLC, et al.<br>Defendant(s). | Case No.  CV2022-013826<br><br>**SUMMONS** |

To: Unknown Spouse Delany

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u> Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 18, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *MICHAEL FARROW*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #7314163

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
10/18/2022 2:42:57 PM
Filing ID 15005423

Person/Attorney Filing: Mark A Ryan
Mailing Address: 2020 N. Central Ave. Suite 675
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)609-3800
E-Mail Address: mark.ryan@zwfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034023, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| James Miser, et al.<br>Plaintiff(s),<br>v.<br>Centurion of Arizona, LLC, et al.<br>Defendant(s). | Case No. **CV2022-013826**<br><br>**SUMMONS** |

To: Doe Centurion Employees 1-10

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 18, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *MICHAEL FARROW*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZTurboCourt.gov Form Set #7314183

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
10/18/2022 2:42:57 PM
Filing ID 15005424

Person/Attorney Filing: Mark A Ryan
Mailing Address: 2020 N. Central Ave. Suite 675
City, State, Zip Code: Phoenix, AZ 85004
Phone Number: (602)609-3800
E-Mail Address: mark.ryan@zwfirm.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 034023, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

James Miser, et al.
Plaintiff(s),
v.
Centurion of Arizona, LLC, et al.
Defendant(s).

Case No. **CV2022-013826**

**SUMMONS**

To: Doe Corrections Officers 1-10

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *October 18, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *MICHAEL FARROW*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #731463

2